**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

ANSON WHITTED,

                          Petitioner,

          - *against* -

DAVID STALLONE, Superintendent,

                          Respondent.

11 Civ. 7569 (KMK)(LMS)

**REPORT AND**
**RECOMMENDATION**

**TO: THE HONORABLE KENNETH M. KARAS, U.S.D.J.[1]**

      Petitioner Anson Whitted, now proceeding *pro se*, filed a habeas petition pursuant to 28 U.S.C. § 2254 on September 29, 2011. Petition for Writ of Habeas Corpus, Sept. 29, 2011 (herein, "Pet."), at 1, Docket Entry (herein, "D.E.") 1. Following a bench trial, Petitioner was convicted on December 18, 2007, in Orange County Court, State of New York, of one count of Criminal Sale of a Controlled Substance in the Third Degree, in violation of N.Y. Penal Law § 220.39(1), and one count of Criminal Possession of a Controlled Substance in the Third Degree, in violation of N.Y. Penal Law § 220.16(1). Id.; Resp't's Aff. in Opp'n, at 2, ¶4, D.E. 15. On February 22, 2008, Petitioner was sentenced as a second felony offender to a term of six years of imprisonment and two years of post-release supervision, on condition that Petitioner agree to forfeit the $826.00 that was on his person at the time of his arrest, and to waive his

---

[1] This first Petition was filed in the U.S. District Court, Eastern District of New York. Pet., at 1, D.E. 1. The case was then transferred to the Southern District of New York to comport with venue requirements, Text-Only Order (Irizarry, J.), Oct. 21, 2011, and was originally assigned to Judge Leonard B. Sand. See Order (Sand, J.), Jan. 3, 2012, D.E. 4. On January 4, 2012, the case was reassigned to Your Honor. Notice of Case Reassignment, Jan. 4, 2012, D.E. 6.

statutory appellate rights.  State Court Transcript (herein, "T"), Feb. 22, 2008: 2-4, 10-11;

Resp't's Aff. in Opp'n, at 2, ¶4, D.E. 15.  Petitioner asserts the following grounds for habeas

relief: (1) ineffective assistance of counsel, and (2) legal insufficiency of the evidence.  Amended

Petition, Dec. 13, 2011 (herein, "Am. Pet."), at 4, D.E. 5.

For the following reasons, I conclude, and respectfully recommend that Your Honor

should conclude, that this Petition should be dismissed in its entirety.

## BACKGROUND

### I.     The Crime

On May 4, 2007, around 1:42 P.M., in Newburgh, New York, Petitioner sold cocaine to a

confidential informant, Robert Cromie, who was working with the City of Newburgh Police

Department and was compensated for his involvement.  T (Dec. 7, 2007): 6-7, 9, D.E. 18; T

(Dec. 12, 2007): 11-12, 20, 24-26, D.E. 19.  Detective Steven Bunt of the City of Newburgh

Police Department observed the sale from a distance of 70 to 75 yards using a pair of binoculars.

T (Dec. 7, 2007): 9-10, D.E. 18.  During the course of the sale, Cromie wore a hidden camera,

which recorded the course of events.  Id. at 8, 16-21; T (Dec. 12, 2007): 29-30, D.E. 19.

Petitioner's identity was later provided by a parole officer, who viewed a still image retrieved

from the hidden camera's video tape.  Wade Hearing Transcript (Nov. 20, 2007): 9-10, D.E. 17;

T (Dec. 7, 2007): 13-15, D.E. 18.

### II.    Procedural History

On July 5, 2007, an Orange County grand jury charged Petitioner with one count of

Criminal Sale of a Controlled Substance in the Third Degree, in violation of N.Y. Penal Law

§ 220.39(1), and one count of Criminal Possession of a Controlled Substance in the Third

Degree, in violation of N.Y. Penal Law § 220.16(1).  Resp't's Mem. of Law, Ex. 1, at 1, D.E. 16.[2]
On July 10, 2007, Petitioner appeared before the Orange County Court (Berry, J.) and entered a
plea of not guilty.  Resp't's Aff. in Opp'n, at 2, ¶3, D.E. 15.  At a final pretrial conference on
December 4, 2007, Petitioner waived his right to a jury trial.  T (Dec. 4, 2007): 1, 5-21, D.E. 17.
A bench trial was held between December 4 and 17, 2007.  See id.; T (Dec. 7, 2007): 1, D.E. 18;
T (Dec. 12, 2007): 1, D.E. 19; T (Dec. 17, 2007): 1, D.E. 20.  At the conclusion of the trial, on
December 18, 2007, Petitioner was convicted of both counts.  T (Dec. 18, 2007): 1-3, D.E. 20.

On February 22, 2008, Petitioner was adjudicated a second felony offender, T (Feb. 22,
2008): 7, D.E. 20, and sentenced for each count to a term of six years of imprisonment, the
statutory minimum, and two years of post-release supervision, to be served concurrently.  Id. at
4, 10-11.  In exchange for the prosecution recommending the minimum sentence, Petitioner
agreed to forfeit the $826.00 that was on his person at the time of his arrest and to waive his
statutory right to appeal.  Id. at 2-4, 11-13; Resp't's Aff. in Opp'n, at 2, ¶4, D.E. 15.  The
forfeiture agreement and appeal waiver were discussed in open court, and after the court asked
Petitioner a series of questions to confirm the voluntary, intelligent, and knowing nature of his
actions, Petitioner stated on the record that he had signed both forms.  T (Feb. 22, 2008): 11-13,
D.E. 20.

Through counsel, Petitioner appealed his conviction on the grounds that (1) he was
denied effective assistance of trial counsel, and (2) the "[v]erdict was not supported by the
[e]vidence presented and was against the [w]eight of the [e]vidence."  See Resp't's Ex. 12, D.E.
16.  Petitioner also filed a supplemental *pro se* appellate brief, which raised claims not renewed
in the instant Petition.  See Resp't's Ex. 14, D.E. 16.  The Appellate Division, Second

---

[2] Hereinafter, all citations to "Resp't's Ex. ___" refer to exhibits submitted to the Court as part of Respondent's Memorandum of Law in opposition to the instant petition.

Department, affirmed his conviction. People v. Whitted, 71 A.D.3d 1066 (2d Dep't 2010). The

New York Court of Appeals denied Petitioner's application for leave to appeal on June 29, 2010,

People v. Whitted, 15 N.Y.3d 758 (N.Y. 2010), and the United States Supreme Court denied

Petitioner's petition for a writ of certiorari on November 29, 2010. Whitted v. New York, 131

S.Ct. 660 (2010).

    On September 29, 2011, Petitioner timely filed, through counsel, his original habeas

petition challenging the 2007 conviction. Pet., at 1, D.E. 1. In a letter dated Oct. 10, 2011,

Petitioner requested that the court strike that Petition. Pet'r's Letter, Oct. 17, 2011, D.E. 2.

Petitioner, proceeding *pro se*, then filed a second Petition challenging the same state court

conviction, see Am. Pet., D.E. 5, which was construed as an amended petition.[3]  Order (Sand, J.),

Jan. 3, 2012, D.E. 4. In the Amended Petition, Petitioner asserts the following grounds for

habeas relief: (1) ineffective assistance of trial counsel, and (2) legal insufficiency of the

evidence. Am. Pet., at 4, D.E. 5. In particular, Petitioner states that he was "denied effective

assistance of trial counsel when said counsel failed to address the evidence against [P]etitioner

and as such [P]etitioner's guilty plea, waiver of appeal after being found guilty should have been

withdrawn." Id. (emphasis in original). Respondent filed an opposition on March 13, 2012, see

Resp't's Aff. in Opp'n, Mar. 15, 2012, D.E. 15, and Resp't's Mem. of Law, Mar. 13, 2012, D.E.

14, and Petitioner submitted a reply. Pet'r's Reply, Mar. 29, 2012, D.E. 21. Following a status

conference on April 20, 2012, Petitioner was permitted to submit a supplemental letter citing

additional case law in support of his Petition; Petitioner filed this supplemental letter, which was

---

[3] Your Honor permitted Petitioner's habeas counsel to withdraw, such that Petitioner is now proceeding *pro se*. See Endorsed Letter (Karas, J.), Jan. 24, 2012, D.E. 11; Endorsed Letter (Karas, J.), Jan. 24, 2012, D.E. 12. Therefore, although the original habeas petition was filed through counsel, this Court will construe Petitioner's filings, including his Amended Petition and all subsequent supporting documents, "liberally and interpret them to raise the strongest arguments that they suggest." Pabon v. Wright, 459 F.3d 241, 248 (2d Cir. 2006) (quotation marks and citations omitted).

dated May 21, 2012, Pet'r's Letter, June 4, 2012, D.E. 25, and Respondent replied in a letter

dated May 30, 2012. Resp't's Letter, June 4, 2012, D.E. 26.

In a letter dated August 25, 2012, Petitioner wrote to the Court requesting: (1) that this

matter be stayed so that he could obtain "plea letters" from the Orange County District Attorney's

Office, which would permit him to file a post-conviction motion in state court, and (2) that this

Court direct the Orange County District Attorney to provide those letters. See Pet'r's Letter,

Sept. 4, 2012, D.E. 30. Respondent opposed the request to stay, Resp't's Aff. in Opp'n, Sept. 6,

2012, D.E. 31, and Petitioner filed a reply, which included an additional, implied request to

amend his Amended Petition following exhaustion of new claims. Pet'r's Reply Aff., Sept. 25,

2012, D.E. 32. This Court denied Petitioner's requests to stay the matter and for "plea letters,"

without prejudice, and also denied Petitioner's implicit request to amend his Petition to add new

claims related to the trial court's conduct. Order (Smith, J.), Dec. 11, 2012, D.E. 33.

While Petitioner's requests were pending with this Court, on September 30, 2012, he filed

a motion to vacate the judgment of conviction pursuant to N.Y. Crim. Proc. Law § 440.10. See

Resp't's Letter, Atts. 2-4, July 16, 2015, D.E. 40.[4]  In this motion, Petitioner asserted ineffective

---

[4] Although Petitioner filed his § 440.10 motion in September 2012, Respondent did not
provide the Court with a copy of the motion or any related paperwork until the Court requested
that these documents be filed electronically and incorporated into the federal record. D.E. 40
includes six attachments: (1) December 19, 2012, Decision and Order by the Orange County
Court; (2)-(4) Petitioner's September 30, 2012, § 440.10 motion; (5) Respondent's October 25,
2012, opposition; and (6) Petitioner's November 14, 2012, reply. The September 30, 2012,
§ 440.10 motion is spread over three attachments due to the length of the motion papers, which
total 321 pages. See Resp't's Letter, Atts. 2-4, July 16, 2015, D.E. 40. Under separate cover,
Respondent filed: (1) Petitioner's January 21, 2013, application to the Appellate Division seeking
leave to appeal the December 19, 2012, Decision and Order, and (2) Respondent's February 14,
2013, opposition to that application. See Resp't's Letter, Atts. 1-2, Aug. 3, 2015, D.E. 42. The
decision by the Appellate Division, Second Department, denying this application is incorporated
into the federal record as an attachment to Petitioner's April 23, 2013, letter, discussed infra.
Pet'r's Letter, July 7, 2015, D.E. 39. (This letter was dated April 23, 2013, and includes a stamp
indicating it was received by this Court on April 26, 2013, but it was not filed electronically until
July 7, 2015, which is how it appears on the docket sheet. Petitioner noted in his letter that he

assistance of counsel related to his waiver of his statutory appellate rights, as well as several new claims not raised in the instant Petition. See id. Respondent opposed this motion on October 25, 2012, Resp't's Letter, Att. 5, July 16, 2015, D.E. 40, and Petitioner replied on November 14, 2012. Resp't's Letter, Att. 6, July 16, 2015, D.E. 40. The Orange County Court (Berry, J.) issued a Decision and Order on December 19, 2012, denying Petitioner's motion. Resp't's Letter, Att. 1, July 16, 2015, D.E. 40. On January 21, 2013, Petitioner applied to the Appellate Division, Second Department, for leave to appeal, Resp't's Letter, Att. 1, Aug. 3, 2015, D.E. 42, which Respondent opposed in an affirmation dated February 14, 2013. Resp't's Letter, Att. 2, Aug. 3, 2015, D.E. 42. The Appellate Division, Second Department (Mastro, J.), denied this application. Pet'r's Letter, July 7, 2015, D.E. 39.

After Petitioner's § 440.10 motion was denied by the County Court but before it was fully exhausted, Petitioner, via letter dated December 27, 2012, and received January 9, 2013, renewed with this Court his request "to stay the resolution of this matter and permit [P]etitioner to file a 'Supplemental Amended Petition' exclusively addressing and presenting an Ineffective Assistance of Counsel claim that was just recently ruled upon in the nisi prius [c]ourt" and his request for production of "plea offer letters." Pet'r's Letter, Feb. 7, 2013, at 1-2, D.E. 34.[5] As an exhibit to the December 27, 2012, letter, Petitioner attached the December 19, 2012, Decision and Order issued by the Orange County Court (Berry, J.), which denied Petitioner's September 25, 2012, § 440.10 motion. Id. In a subsequent letter dated April 23, 2013, Petitioner wrote: "Petitioner is notifying the Court that Petitioner's State Court claims have been exhausted. Furthermore, [P]etitioner submits that the claims raised should now be heard on the merits."

---

also sent a copy to the Orange County District Attorney's Office, see Pet'r's Letter, July 7, 2015, D.E. 39, of which Respondent confirms receipt in his letter to this Court opposing Petitioner's renewed requests. See Resp't's Letter, Aug. 27, 2013, D.E. 37.)

[5] Pet'r's Letter, Feb. 7, 2013, D.E. 34, was not paginated. Page numbers listed in related citations are those provided by the ECF system.

Pet'r's Letter, July 7, 2015, D.E. 39.  Respondent opposed Plaintiff's requests in a letter dated

August 20, 2013.  Resp't's Letter, Aug. 27, 2013, D.E. 37.

## DISCUSSION

I.    **Applicable Law**

"Habeas review is an extraordinary remedy."  Bousley v. United States, 523 U.S. 614,

621 (1998) (citing Reed v. Farley, 512 U.S. 339, 354 (1994)).  To be granted a writ of habeas

corpus from a federal district court, a petitioner must fully and carefully comply with the

provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C.

§ 2254.  Before a federal district court may review the merits of a state criminal judgment in a

habeas corpus action, the court must first determine whether the petitioner has complied with the

procedural requirements set forth in 28 U.S.C. §§ 2244 and 2254.  If a petitioner has met these

threshold requirements, a federal district court generally may hear an application for a writ of

habeas corpus on behalf of a person in custody pursuant to a state court judgment "only on the

ground that [petitioner] is in custody in violation of the Constitution or laws or treaties of the

United States." 28 U.S.C. § 2254(a).  The court must then determine the appropriate standard of

review applicable to the petitioner's claim(s) in accordance with § 2254(d).

Generally, a state prisoner has one year from the date of his or her conviction becomes

final to file a habeas petition in federal court.  28 U.S.C. § 2244(d)(1).  This limitations period

ordinarily begins to run on "the date on which the judgment became final by the conclusion of

direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

The limitations period is tolled while ". . . a properly filed application for State post-conviction

or other collateral review with respect to the pertinent judgment or claim is pending . . . ." 28

U.S.C. § 2244(d)(2).  The limitations period may also be equitably tolled if a petitioner can show

that "extraordinary circumstances prevented him [or her] from filing his [or her] petition on time." Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000).

Under the AEDPA, all state remedies must be exhausted before a federal court may consider a state prisoner's petition for a writ of habeas corpus. 28 U.S.C. § 2254(b)(1)(A); see also Picard v. Connor, 404 U.S. 270, 275 (1971). In the interests of comity and expeditious federal review, "[s]tates should have the first opportunity to address and correct alleged violations of [a] state prisoner's federal rights." See Coleman v. Thompson, 501 U.S. 722, 731 (1991); see also Daye v. Attorney Gen. of the State of New York, 696 F.2d 186, 190-91 (2d Cir. 1982). The exhaustion requirement of the federal habeas corpus statute is set forth in 28 U.S.C. § 2254(b)(1), (c):

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
> > (A) the applicant has exhausted the remedies available in the courts of the State; or
> > (B) (i) there is an absence of available State corrective process; or
> > > (ii) circumstances exist that render such process ineffective to protect the rights of the applicant. . . .
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he [or she] has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254(b)(1), (c).

The Second Circuit has adopted a two-stage inquiry to determine whether the exhaustion doctrine has been satisfied. See Klein v. Harris, 667 F.2d 274, 282 (2d Cir. 1981). First, the petitioner must have "fairly presented" his or her federal constitutional claim to the appropriate state courts. Picard, 404 U.S. at 275-76. "A claim has been 'fairly presented' if the state courts are apprised of 'both the factual and the legal premises of the claim [the petitioner] asserts in federal court.' " Jones v. Vacco, 126 F.3d 408, 413 (2d Cir. 1997) (quoting Daye, 696 F.2d at

8

191).  In other words, the claim must have been presented in a way that is "likely to alert the

court to [its] federal nature." Daye, 696 F.2d at 192.  The fair presentation requirement is

satisfied if the state court brief contains phrases, such as "under the Due Process Clause" or

"under the Constitution," that point to the petitioner's reliance on the United States Constitution

as his or her legal basis for relief. Klein, 667 F.2d at 282 (internal citations omitted).  A claim

may be considered "fairly presented" even if the federal grounds were not explicitly asserted

before the state courts if the petitioner, in asserting his or her claim before the state court, did one

of the following:  (1) relied on pertinent federal cases that employ constitutional analysis, (2)

relied on pertinent state cases that apply constitutional analysis in like fact situations, (3) asserted

his or her claim in terms so particular as to call to mind specific constitutionally-protected rights;

or (4) alleged a fact pattern that falls within the mainstream of constitutional litigation. See

Daye, 696 F.2d at 194; Irving v. Reid, 624 F. Supp. 787, 789 (S.D.N.Y. 1985).

Second, having fairly presented his or her federal constitutional claim to the appropriate

state court and having been denied relief, the petitioner must appeal his or her conviction to the

highest state court. Klein, 667 F.2d at 282.  Where a petitioner fails to present his or her federal

constitutional claim to the highest state court, the claim cannot be considered exhausted. Id.

(citing Williams v. Greco, 442 F. Supp. 831, 833 (S.D.N.Y. 1977)).  There is, however, another

avenue available for exhaustion purposes.  A petitioner who has failed to exhaust state remedies

by pursuing a direct appeal may satisfy the exhaustion requirement by utilizing available state

methods for collaterally attacking his or her state conviction. See id.; see also Johnson v. Metz,

609 F.2d 1052, 1055-56 (2d Cir. 1979) (instructing habeas petitioner who did not fairly present

claim in the course of his direct appeals in New York state courts to proceed by filing a motion

to vacate judgment pursuant to N.Y. Crim. Proc. Law § 440.10).  If collateral relief is denied, the

petitioner may satisfy the exhaustion requirement by employing the state appellate procedures available for review of such denial. Klein, 667 F.2d at 282-83. A petitioner "need not have invoked every possible avenue of state court review." Galdamez v. Keane, 394 F.3d 68, 73 (2d Cir. 2005). Instead, a petitioner must give the state courts "one full opportunity" to resolve any constitutional issues by invoking one complete round of the State's established appellate review process. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). A habeas petitioner who fails to meet a state's requirements to exhaust a claim will be barred from asserting that claim in federal court unless he or she can demonstrate cause and prejudice or a fundamental miscarriage of justice. Edwards v. Carpenter, 529 U.S. 446, 451 (2000).

"For exhaustion purposes, a federal habeas court need not require that a federal claim be presented to a state court if it is clear that the state court would hold the claim procedurally barred." Reyes v. Keane, 118 F.3d 136, 139 (2d Cir. 1997) (quotations and citations omitted). "In such a case, a petitioner no longer has 'remedies available in the courts of the State' within the meaning of 28 U.S.C. § 2254(b)." Grey v. Hoke, 933 F.2d 117, 2120 (2d Cir. 1991). The federal habeas court may then "deem the claims to be exhausted, rather than requiring the petitioner to go through the futile process of seeking further state review." Kalu v. New York, 08 Civ. 4984 (NGG)(RLM), 2009 WL 7063100, at *7 (E.D.N.Y. Sept. 15, 2009)[6] report and recommendation adopted sub nom., Ndukwe v. New York, 08 Civ. 4984 (NGG), 2010 WL 4386680 (E.D.N.Y. Oct. 28, 2010); see also Aparicio v. Artuz, 269 F.3d 78, 90 (2d Cir. 2001); Bossett v. Walker, 41 F.3d 825, 828 (2d Cir. 1994). However, unless a petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental

---

[6] In the spirit of Lebron v. Sanders, 557 F.3d 76 (2d Cir. 2009), copies of all unpublished decisions cited herein have been provided to Petitioner by the Court.

miscarriage of justice," Coleman, 501 U.S. at 750, the petitioner's claim will remain unreviewable by a federal court. See Aparicio, 269 F.3d at 90; Grey, 933 F.2d at 120.

If a petitioner files a habeas petition in federal court which contains both exhausted and unexhausted claims, a so-called "mixed petition," the federal court has discretion to stay the petition to permit the petitioner to exhaust his or her unexhausted claims in state court. See Rhines v. Weber, 544 U.S. 269, 277 (2005). The stay enables the petitioner to comply with the AEDPA's exhaustion requirements and its statute of limitations. However, because overuse of the stay would be at odds with the AEDPA's purposes of promoting the finality of state court judgments and "streamlining" the federal habeas process, a stay should only be granted in "limited circumstances." Id. at 277. A stay should only be granted where "good cause" exists for petitioner's failure to exhaust all of his claims in state court prior to bringing the petition, and where the unexhausted claims are not "plainly meritless." Id.

Even where a timely and exhausted habeas claim is raised, comity and federalism demand that a federal court abstain from its review when the last-reasoned state court opinion to address the claim relied upon an "adequate and independent finding of a procedural default" to deny it. Harris, 489 U.S. at 262; see also Coleman, 501 U.S. at 730; Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991); Levine v. Comm'r of Corr. Servs., 44 F.3d 121, 126 (2d Cir. 1995). A state court decision will be "independent" when it "fairly appears" to rest primarily on state law. Jimenez v. Walker, 458 F.3d 130, 138 (2d Cir. 2006) (citing Coleman, 501 U.S. at 740). A decision will be "adequate" if it is " 'firmly established and regularly followed' by the state in question." Garcia v. Lewis, 188 F.3d 71, 77 (2d Cir. 1999) (quoting Ford v. Georgia, 498 U.S. 411, 423-24 (1991)).

Provided a claim meets all procedural requirements, the federal court must apply AEDPA's deferential standard of review when a state court has decided a claim on the merits. See Torres v. Berbary, 340 F.3d 63, 68 (2d Cir. 2003).  Under AEDPA,

> [a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state court decision is "contrary to" clearly established Supreme Court precedent "if 'the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts.' " Torres, 340 F.3d at 68 (quoting Williams v. Taylor, 529 U.S. 362, 412-13 (2000)).

"[A]n unreasonable application of clearly established Supreme Court precedent occurs when a state court identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Torres, 340 F.3d at 68 (internal quotation marks and citation omitted).  The federal court must determine whether the state court's application of clearly established federal law was objectively unreasonable.  Id. at 68-69 (citation omitted).  In the Second Circuit, "the objectively unreasonable standard of § 2254(d)(1) means that the petitioner must identify some increment of incorrectness beyond error in order to obtain habeas relief." Id. (internal quotation marks and citations omitted).

Under the second prong of § 2254(d), the factual findings of state courts are presumed to be correct.  Nelson v. Walker, 121 F.3d 828, 833 (2d Cir. 1997).  The petitioner must rebut this presumption by "clear and convincing evidence."  28 U.S.C. § 2254(e)(1).

## II.   Petitioner's December 27, 2012, Letter Application

Petitioner renewed his request "to stay the resolution of this matter and permit [P]etitioner to file a 'Supplemental Amended Petition' exclusively addressing and presenting an Ineffective Assistance of Counsel claim that was just recently ruled upon in the nisi prius [c]ourt."  Pet'r's Letter, Feb. 7, 2013, at 1-2, D.E. 34.  Petitioner asserts that the "factual substance" of this claim includes:

> (a) Counsel's performance was deficient because trial counsel advised and convinced petitioner to waive his statutory right to appeal his conviction, forfiet [sic] $826.00 in cash . . . and accept a fixed sentence of a six (6) year prison term, versus receiving a long prison sentence of 15 to 25 years to life in prison as a persistent felony offender, while legally, petitioner did not qualify to be classified as a persistent felony offender . . .
>
> (b) Counsel's performance was deficient because counsel never advised petitioner of the exact terms of a pre-trial plea offer offered by the prosecution . . .
>
> (c) [T]he cumulative effect of the above mentioned deficient performances of counsel constitutes ineffective assistance of counsel.

Id. at 2.  Petitioner also renewed his request for "plea letters," claiming that "the contents of the 'plea offer letters' will enable [P]etitioner to make the requisite showing of the prejudice he received from counsel's deficient performance in not informing [P]etitioner of the particulars of the prosecutions [sic] plea offers."  Id. at 4.

In this Court's Order denying Petitioner's first request to stay, I divided Petitioner's claims raised in his August 25, 2012, application into two categories: (1) any claim raised in the Amended Petition that was not exhausted, i.e. the ineffective assistance of counsel claim based

on matters outside the record, and (2) any claim not raised in the Amended Petition. See Order (Smith, J.), Dec. 11, 2012, D.E. 33.  To the extent Petitioner seeks a stay in order to exhaust the unexhausted claim asserted in the Amended Petition, i.e. category 1, Petitioner's request is denied as moot.  This claim has since been raised by Petitioner in a subsequent § 440.10 motion, Resp't's Letter, Atts. 2-4, July 16, 2015, D.E. 40, which was denied by the Orange County Court (Berry, J.).  Resp't's Letter, Att. 1, July 16, 2015, D.E. 40.  The Appellate Division, Second Department, denied Petitioner's application seeking leave to appeal the Orange County Court's decision.  Pet'r's Letter, July 7, 2015, D.E. 39.  Petitioner and Respondent both concede that this claim has been exhausted.  In a letter dated April 23, 2013, Petitioner wrote: "Petitioner is notifying the Court that Petitioner's State Court claims have been exhausted.  Furthermore, [P]etitioner submits that the claims raised should now be heard on the merits."  Pet'r's Letter, July 7, 2015, D.E. 39.  Respondent replied to both the December 27, 2012, and April 23, 2013, letters stating that a stay would be futile as the claims in question had since been exhausted in state court.  Resp't's Letter, Aug. 27, 2013, D.E. 37.  This Court therefore finds that this claim has been fully exhausted, and it will be analyzed infra.

To the extent that Petitioner's December 27, 2012, letter seeks to amend his Petition to include any claim outside those originally presented in his Amended Petition, i.e. category 2, this request is denied.  For the same reasons discussed in this Court's December 11, 2012, Order, any new claims Petitioner seeks to raise do not relate back and are therefore time-barred. Order (Smith, J.), Dec. 11, 2012, at 9-10, D.E. 33.  Any implied request by Petitioner to amend is therefore denied.

Petitioner's December 27, 2012, letter also includes a request for an order of discovery, seeking the production of "plea offer letters."  Pet'r's Letter, Feb. 7, 2013, at 3-5, D.E. 34.  For

the same reasons articulated in this Court's December 11, 2012, Order, Petitioner's request for

"plea letters" is also denied.  See Order (Smith, J.), Dec. 11, 2012, at 8-9, D.E. 33.

## III.   Petitioner's Claims for Habeas Relief

### A.  Ineffective Assistance of Counsel

Petitioner asserts that he was "denied effective assistance of trial counsel when said

counsel failed to address the evidence against Petitioner and as such Petitioner's guilty plea,

waiver of appeal after being found guilty should have been withdrawn."  Am. Pet., at 4, D.E. 5

(emphasis in original).  Respondent contends that Petitioner's claim is "largely procedurally

barred from federal review, and in any event, [ ] without merit."  Resp't's Mem. of Law, Mar. 13,

2012, at 1, D.E. 14.  The Appellate Division, Second Department, in affirming the underlying

conviction, stated the following:

> The [Petitioner's] waiver of his right to appeal was knowing,
> intelligent, and voluntary.  Accordingly, this Court will not review
> his claim that he was deprived of the effective assistance of
> counsel, except to the extent that the alleged ineffective assistance
> may have impacted the voluntariness of his waiver agreement.  To
> the extent the [Petitioner] claims that the alleged ineffectiveness
> impacted the voluntariness of the waiver agreement, his claim is
> based in part on matter dehors the record, which cannot be
> reviewed on direct appeal.  To the extent the [Petitioner's] claim
> may be reviewed, it is without merit.

People v. Whitted, 71 A.D.3d 1066, 1066 (2d Dep't 2010) (citations omitted).  The Orange

County Court (Berry, J.) denied Petitioner's ineffective assistance of counsel claim raised in his

§ 440.10 motion, stating:

> [Petitioner's] contentions that the conviction should be vacated on
> the grounds that he was deprived the effective assistance of
> counsel at the trial, . . . [was] waived as a condition of his agreed-
> upon minimum sentence and by his written waiver of his right to
> appeal. . . .
>          With respect to [Petitioner's] contention that he was denied
> the effective assistance by counsel because his attorney failed to

> disclose plea offers to him, [Petitioner's] bare and conclusory
> assertions are belied by Court records which clearly indicate that
> [Petitioner] was appraised [sic] of all plea offers and rejected them.
>         [Petitioner's] claim that his waiver of his right to appeal
> was made under duress was raised on appeal and rejected by the
> Appellate Division.

Resp't's Letter, Att. 1, July 16, 2015, D.E. 40.

Based on the state courts' holdings, Petitioner's ineffectiveness claim must be bifurcated

into two distinct categories: (1) ineffective assistance of counsel with regard to the knowing,

intelligent, and voluntary nature of Petitioner's waiver of appellate rights, and (2) ineffective

assistance of counsel with regard to any other matter related to counsel's representation of

Petitioner in this matter.  Availability of federal habeas review of the latter category is outcome

dependent on the former, and therefore, I will address these categories sequentially.

With regard to the former category—ineffective assistance relating to the nature of

Petitioner's waiver of appellate rights—this claim has been fully exhausted in the state courts.

See People v. Whitted, 71 A.D.3d at 1066 (denying this claim on the merits to the extent it raised

issues that were preserved on the record); Resp't's Letter, Att. 1, July 16, 2015, D.E. 40 (denying

this claim on the merits to the extent it raised issues outside the record).[7]  Because the state

courts evaluated this claim on the merits, the appropriate standard of review is that of 28 U.S.C.

§ 2254(d)(1).  As the state courts' denials of this claim are not contrary to, or an unreasonable

application of, Supreme Court precedent, I recommend that this claim be denied as meritless.

The Supreme Court's standard for ineffective assistance of counsel claims, set out in

Strickland v. Washington, 466 U.S. 668 (1984), has two prongs.  First, counsel's performance

---

[7] Although not made explicitly clear, it seems that the Orange County Court construed
Petitioner's general claim of ineffective assistance of counsel with regard to the voluntariness of
the waiver in terms of Petitioner's assertion that counsel failed to disclose plea offers to him.  See
Resp't's Letter, Atts. 2-4, July 16, 2015, D.E. 40; Resp't's Letter, Att. 1, July 16, 2015, D.E. 40.
This Court will therefore construe the state court's decision as one on the merits of the issue.

must have been so deficient as to fall below an objective standard of reasonableness, as reflected

in prevailing standards of professional conduct. Id. at 688-89. Courts must be "highly

deferential" in reviewing counsel's performance; it is the petitioner's burden to rebut the

presumption that alleged errors "might be considered sound trial strategy." Id. at 689 (internal

quotation omitted). Strategic choices made by counsel after a thorough investigation of the law

and facts are "virtually unchallengeable." Id. at 690. Second, counsel's errors must have

prejudiced the defense. Id. at 687. To establish prejudice, "the [petitioner] must show that there

is a reasonable probability that, but for counsel's unprofessional errors, the result of the

proceeding would have been different. A reasonable probability is a probability sufficient to

undermine confidence in the outcome." Id. at 694. When evaluating an ineffective assistance

claim in a habeas corpus petition, a court's review is "doubly deferential" because the court is

charged with taking "a highly deferential look at counsel's performance through the deferential

lens of § 2254(d)." Cullen v. Pinholster, 131 S.Ct. 1388, 1403 (2011) (citations and quotation

marks omitted); see also Jackson v. Conway, 763 F.3d 115, 152-53 (2d Cir. 2014).

 Petitioner claims that he was "ambushed" at the sentencing hearing, faced with the choice

of "spending life in prison" or waiving his appellate rights. Pet'r's Reply, Mar. 29, 2012, at 11,

D.E. 21. Petitioner seems to suggest that he was misled by counsel, who allegedly did not

inform Petitioner of the accurate range of possible sentences that Petitioner faced following his

conviction. See id., at 10-18. He also seems to assert that he had not been engaged in any

negotiations with the prosecution prior to sentencing, id. at 10-11, and in later letters to this

Court, he has suggested that his attorney had failed to inform him of plea offers made by the

prosecution. See Pet'r's Letter, Sept. 4, 2012, D.E. 30; Pet'r's Letter, Feb. 7, 2013, D.E. 34.

Petitioner argues that counsel's failures lead Petitioner to feel he had no choice but to waive his

appellate rights in return for the six (6) year sentencing recommendation, which he claims is demonstrated by the fact that he wrote the word "duress" on the signature line of the waiver form. Id. at 12.

As a preliminary matter, the voluntariness of the waiver must first be considered. This Court takes assertions of duress and coercion very seriously. Upon review of Petitioner's claim that he wrote "duress" in place of his name on the waiver of appeal, it does appear that the writing on the signature line of the waiver appears different from the writing on the signature line of Petitioner's hand-written submissions to this Court, thereby bolstering his claim that he in fact wrote "duress." Compare Resp't's Ex. 11, D.E. 16 (waiver of right to appeal) with Pet'r's Reply, Mar. 29, 2012, at 21, D.E. 21. The writing itself is far from legible, and while it might say "duress," a person looking at the signature line would not be on notice that Petitioner was somehow retreating from his verbal admissions. The transcript from the sentencing hearing paints a clear and convincing picture of the events. The trial judge started the proceedings by laying out the sentencing guidelines that applied in this case.

> THE COURT: Let the record reflect that I'm being told that the People are willing to recommend in this case, even though it's a conviction after trial, when they can recommend anything they want, and that Anson could be subject to being a second—actually he could be a persistent felony offender, but the People aren't seeking that at this time, and if a persistent felony he could get 15 to 25 years to life, but he would be, since this is a B felony, he does qualify as a prior violent felony offender, having been convicted in January of 2001 of the assault in the first degree . . . . I believe that the . . . sentencing range is six to fifteen years determinate time in a state prison, with three years of post release [sic] supervision . . . .

T (Feb. 22, 2008): 2-3, D.E. 20. The court then proceeded to present the deal that had been reached between the prosecution and the Petitioner.

> THE COURT:    [T]he People would be recommending the
> minimum of six years determinate time in state prison, and that he
> be subject to two years of post-release supervision, and that would
> be in lieu of the defendant signing the forfeiture agreement as to
> the money that was found . . . .
>     And also the fact that he would be signing his waiver of
> right to appeal as to all aspects of this matter, including my
> sentence of him . . . .
>     I told [defense counsel] that if [Petitioner] were to do those
> things then I would consider giving him that minimum sentence,
> and if I couldn't give him the minimum sentence today, that is six
> years determinate time in state prison, with two years of post
> release [sic] supervision, then I would let him withdraw his plea of
> guilty,[8] then I could sentence him to anything I want, and he could
> appeal it if he wanted to.  But you're telling me he wants, he wants
> to do the waiver and get the minimum sentence; is that right?
> [THE PETITIONER]:  Yes.
> [DEFENSE COUNSEL]:  That is correct.

Id., at 3-5.  The court then adjudged Petitioner to be a second felony offender. Id. at 5-7.  Before

imposing the sentence, Judge Berry asked Petitioner if there was anything he would like to say

on the record, an opportunity Petitioner took advantage of, stating:

> I would like to say that, yes, I was convicted in your courtroom on
> a bench trial, and I chose, I chose my constitutional right to a trial,
> and I just hope that all those rights have been acknowledge, Your
> Honor.

Id. at 8.  After confirming that the court did its "best to acknowledge all" of Petitioner's rights, id.

at 8, the judge proceeded to impose the sentence. Id. at 10-11.  After reviewing the forfeiture

agreement, id. at 11, the court allocuted Petitioner on the topic of his waiver of appellate rights.

> THE COURT: Anson, I am looking at a waiver of right to appeal.
> Did you review that with [counsel]?
> [THE PETITIONER]:  Yes.
> THE COURT:  Did you just sign that document?
> [THE PETITIONER]:  Yes.
> THE COURT:  Do you understand that by signing the waiver of
> right to appeal, that you are waiving and giving up your right to

---

[8] Both in Petitioner's Amended Petition and in the Orange County Court's statement to the Petitioner, there are references to a guilty plea, but there was no plea.  This conviction was the result of a verdict following a bench trial.

> appeal all aspects of this case, including but not limited to the sentence just imposed upon you; do you understand that?
>
> [THE PETITIONER]: Yes.
>
> THE COURT: Has anyone threatened or intimidated or coerced you to sign this document?
>
> [THE PETITIONER]: No, sir.
>
> THE COURT: Have you had any substances that would cause you not to think straight?
>
> [THE PETITIONER]: No, sir.
>
> THE COURT: Do you have a clear head?
>
> [THE PETITIONER]: Yes.
>
> THE COURT: You know what you're doing?
>
> [THE PETITIONER]: Yes.
>
> THE COURT: Do you want me to read this waiver into the record?
>
> [THE PETITIONER]: No, sir.
>
> THE COURT: You fully understand it?
>
> [THE PETITIONER]: Yes, sir.
>
> THE COURT: Let the record reflect the Court finds that Anson has made a knowing waiver of his right to appeal and as such I am signing that waiver today to indicate my approval of the same.

Id. at 11-13.

Despite these exchanges in open court, Petitioner claims that the waiver of appellate rights was executed under duress, thereby invalidating it. Pet'r's Reply, Mar. 29, 2012, at 12, D.E. 21. This assertion is unsupported by fact and law. First, although a written waiver of appellate rights may be helpful, one is not necessary for a court to find that the waiver was knowing, intelligent, and voluntary when the petitioner was apprised of his rights and then waived them orally on the record in open court, as Petitioner did here. See People v. Lopez, 6 N.Y.3d 248, 257 (N.Y. 2006) (finding that with respect to Defendant Nicholson, the waiver of appellate rights was valid even though not secured by writing because the record was otherwise sufficient to satisfy the court that the waiver was made knowingly and intelligently); T (Feb. 22, 2008): 11-13, D.E. 20. See also People v. Howard, 109 A.D.3d 487, 488 (2d Dep't) leave to appeal denied, 22 N.Y.3d 996 (N.Y. 2013) ("The defendant's claim that his plea of guilty was

coerced as a result of the alleged ineffectiveness of his trial counsel is belied by the defendant's statements during the plea proceedings, in which he acknowledged under oath that he was satisfied with his counsel's representation, that he had not been coerced into pleading guilty, and that he was entering the plea freely and voluntarily"); People v. Duncan, 78 A.D.3d 1193, 1194 (2d Dep't 2010) ("The defendant's claim of coercion is belied by his statements under oath on the record expressing satisfaction with his attorney's representation and acknowledging that no one had coerced his plea").

Furthermore, although Petitioner may have felt he "had no choice" but to sign the waiver in order to receive the minimum sentence rather than "face a life sentence," Pet'r's Reply, Mar. 29, 2012, at 11, D.E. 21, the Orange County Court's presentation of the possible range of sentences does not create coercion that would invalidate the waiver. See, e.g., People v. Bravo, 72 A.D.3d 697, 698, (2d Dep't 2010) (informing defendant of sentence exposure was informative not coercive). In this case, the court provided the correct sentencing range. Given the underlying convictions combined with the predicate conviction for assault in the first degree, the sentencing guidelines mandate a term of incarceration of no less than six (6) years and no more than fifteen (15) years. N.Y. Penal Law §§ 70.45(2)(b) & (d), 70.70(4)(b)(i). Furthermore, even though the court mentioned the potential for a longer sentence if Petitioner were adjudicated a persistent felony offender, this could not have unduly influenced Petitioner because the court also made clear that this enhanced sentencing provision would not be sought in the instant case.[9] T (Feb. 22, 2008): 2-3, D.E. 20 ("[H]e could be a persistent felony offender, but the People aren't seeking that at this time, and if a persistent felony he could get 15 to 25 years to life, but he

---

[9] The record is unclear as to whether Petitioner was eligible for enhanced penalties as a persistent felony offender, rather than as a second violent felony offender. No information has been produced about Petitioner's prior record of convictions other than his prior conviction for assault in the first degree, to which Petitioner allocuted at sentencing. T (Feb. 22, 2008): 5-7, D.E. 20.

would be, since this is a B felony, he does qualify as a prior violent felony offender . . . I believe

that the . . . sentencing range is six to fifteen years determinate time in a state prison, with three

years of post release [sic] supervision."). Therefore, consistent with the state courts'

determinations, I find that Petitioner's waiver of his right to appeal was knowing, intelligent, and

voluntary.

As for Petitioner's claim that trial counsel was ineffective for recommending that he sign

the waiver of appeal in exchange for a sentencing recommendation, I conclude, and respectfully

recommend that Your Honor conclude, that this claim should be denied as without merit.

Petitioner fails to establish that he suffered any prejudice as a result of counsel's advice. As

discussed <u>supra</u>, Petitioner was sentenced to the mandatory minimum term of incarceration for

the offenses of which he was convicted. Regardless of whether or not counsel had accurately

communicated Petitioner's possible sentencing range, Petitioner received the most favorable

possible sentence the court could impose. This plainly fails the second prong of the <u>Strickland</u>

test (prejudice). Furthermore, although Petitioner makes the conclusory assertion that he had not

been informed of plea offers prior to trial, the Orange County Court found this contention "belied

by the Court records which clearly indicate that [Petitioner] was appraised [sic] of all plea offers

and rejected them." Resp't's Letter, Att. 1, July 16, 2015, D.E. 40. The state court's conclusion is

supported by the state court transcripts. T (Dec. 4, 2007): 2, D.E. 17 (following an off the record

discussion between the court and both attorneys, "THE COURT: . . . Mr. Siper tells me he

doesn't wish to accept the People's plea offer."). Therefore, this claim should be dismissed.

Regarding Petitioner's additional claim of ineffective assistance of counsel—i.e. any

claim relating to a matter other than the nature of Petitioner's waiver of appellate rights—I

respectfully recommend that this claim be dismissed because this claim was decided by the state

courts on adequate and independent state grounds. The state courts declined to review this portion of Petitioner's ineffectiveness claim by enforcing Petitioner's waiver of appellate rights, finding that waiver to be knowing, intelligent, and voluntary.[10]  See People v. Whitted, 71 A.D.3d at 1066; Resp't's Letter, Att. 1, July 16, 2015, D.E. 40.  In doing so, the state courts adjudicated the claim on an independent and adequate state law ground, which precludes federal habeas review.  See Ortiz v. Artuz, 09 Civ. 5553 (NRB), 2010 WL 3290962, at *4-5 (S.D.N.Y. Aug. 9, 2010) (finding that the Appellate Division's enforcement of the petitioner's waiver of appeal created an independent and adequate state law ground thus precluding federal habeas review).  Because Petitioner has provided neither proof of the cause for the procedural default nor any prejudice attributable thereto, nor has he demonstrated that a fundamental miscarriage of justice would occur absent federal review, I recommend that this claim should be dismissed.

## B.  Legal Insufficiency of the Evidence

Petitioner claims that the verdict "was not supported by legally sufficient evidence and [as] such his conviction is in violation of his constitutional rights under the Fourteenth Amendment." Am. Pet., at 4, D.E. 5.  Respondent contends that this claim is "procedurally barred from federal review, and in any event, is without merit." Resp't's Mem. of Law, Mar. 13, 2012, at 1, D.E. 14.  The Appellate Division, Second Department, in affirming the underlying conviction, stated the following:

> The [Petitioner's] waiver of his right to appeal was knowing, intelligent, and voluntary. . . . The [Petitioner's] remaining contentions [including his insufficiency of the evidence claim] will not be reviewed in light of his valid waiver of the right to appeal.

---

[10] As discussed supra, I have independently determined that Petitioner received effective assistance of counsel with regard to this waiver, and have found the waiver to have been voluntary, intelligent, and knowing.

People v. Whitted, 71 A.D.3d at 1066 (citations omitted).  This claim, like the ineffective assistance of counsel claim relating to matters other than the voluntary nature of the waiver discussed supra, was denied by the state court through enforcement of Petitioner's waiver of appellate rights.  Because this claim was decided by the state court on adequate and independent state grounds, as discussed supra, this claim should be dismissed.

### CONCLUSION

For the foregoing reasons, I conclude, and respectfully recommend that Your Honor should conclude, that the Petition should be dismissed in its entirety.  As the Petition presents no questions of substance for review, I conclude, and respectfully recommend, that a certificate of probable cause should not issue.  Rodriguez v. Scully, 905 F.2d 24 (2d Cir. 1990) (per curiam); Alexander v. Harris, 595 F.2d 87, 90-91 (2d Cir. 1979).  I further conclude, and respectfully recommend, that the Court should certify pursuant to 28 U.S.C. § 1915(a) that an appeal from this order would not be taken in good faith.  See Coppedge v. United States, 369 U.S. 438 (1962).

### NOTICE

Pursuant to 28 U.S.C. § 636(b)(1), as amended, and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days, plus an additional three (3) days, pursuant to Fed. R. Civ. P. 6(d), or a total of seventeen (17) days, see Fed. R. Civ. P. 6(a), from the date hereof, to file written objections to this Report and Recommendation.  Such objections, if any, shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of the Honorable Kenneth M. Karas, at the United States District Court, Southern District of New York, 300 Quarropas Street,

White Plains, New York, 10601, and to the chambers of the undersigned at the same address.

Failure to file timely objections to this Report and Recommendation will preclude later appellate review of any order of judgment that will be entered.  Requests for extensions of time to file objections must be made to Judge Karas.

In order to provide Petitioner with an opportunity to file objections to this Report and Recommendation, Respondent is directed to provide copies of those documents requested by Petitioner in his letter dated July 22, 2015, D.E. 41, unless Petitioner has been released from state custody, in which case he may instead receive the documents from the Clerk's Office.

Dated:  8/6 , 2015
        White Plains, NY

Respectfully submitted,

Lisa Margaret Smith
United States Magistrate Judge
Southern District of New York

A copy of the foregoing Report and Recommendation has been mailed to the Plaintiff.